# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH W. CHATMAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-00475-N |
| | ) | |
| ANDREW M. SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth W. Chatman brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*[2] Upon consideration of the parties' briefs (Docs. 10, 11) and those portions of the administrative record (Doc. 9) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, and

---

[1] Having been sworn in on June 17, 2019, Commissioner of Social Security Andrew M. Saul, as successor to Acting Commissioner Nancy A. Berryhill, is automatically substituted as the Defendant in this action under Federal Rule of Civil Procedure 25(d). (*See* https://www.ssa.gov/agency/commissioner.html & https://blog.ssa.gov/social-security-welcomes-its-new-commissioner (last visited Feb. 4, 2020). This change does not affect the pendency of this action. See 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). The Clerk of Court is **DIRECTED** to update the docket heading accordingly.

[2] "Title II of the Social Security Act (Act), 49 Stat. 620, as amended, provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 42 U.S.C. § 423(a)(1)(D) (1982 ed., Supp. III)).

with the benefit of oral argument, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.[3]

## I. *Procedural Background*

Chatman filed the subject application for a period of disability and DIB with the Social Security Administration ("SSA") on April 4, 2016. After it was initially denied, Chatman requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review. A hearing was held on November 7, 2017, and on March 14, 2018, the ALJ issued an unfavorable decision on Chatman's application, finding him not disabled under the Social Security Act and thus not entitled to benefits. (*See* R. 7 – 24).

The Commissioner's decision on Chatman's application became final when the Appeals Council for the Office of Disability Adjudication and Review denied his request for review of the ALJ's decision on September 25, 2018. (R. 1 – 5). Chatman subsequently brought this action under § 405(g) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262

---

[3] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 14, 16).

(11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II.    *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards.  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))).  In reviewing the Commissioner's factual findings, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))).   " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

Put another way, "[u]nder the substantial evidence standard, we cannot look at the evidence presented to [an administrative agency] to determine if interpretations of the evidence other than that made by the [agency] are possible. Rather, we review the evidence that was presented to determine if the findings

made by the [agency] were unreasonable. To that end, [judicial] inquiry is highly deferential and we consider only whether there is substantial evidence for the findings made by the [agency], *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made. That is, even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) (citations and quotation omitted).[4]

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v.*

---

[4] *See also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("The court need not determine whether it would have reached a different result based upon the record" because "[e]ven if we find that the evidence preponderates against the [Commissioner]'s decision, we must affirm if the decision is supported by substantial evidence."); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (under the substantial evidence standard, "we do not reverse the [Commissioner] even if this court, sitting as a finder of fact, would have reached a contrary result..."); *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate."); *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991) ("Substantial evidence may even exist contrary to the findings of the ALJ, and we may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned."); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.").

*Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). *See also McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) ("We are constrained to conclude that the administrative agency here…reached the result that it did by focusing upon one aspect of the evidence and ignoring other parts of the record. In such circumstances we cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.").[5]

---

[5] Nevertheless, "district court judges are not required to ferret out delectable facts buried in a massive record," *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings), and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). Additionally, the Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in

Moreover, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the

---

appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford*, 363 F.3d at 1161 (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal); *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (unpublished) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that 'simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue').").

Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB … requires that the claimant be disabled. 42 U.S.C. §[] 423(a)(1)(E) … A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §[] 423(d)(1)(A)…

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per

curiam) (unpublished).[6]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[7]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in

---

[6] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[7] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

### III.   *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Chatman met the applicable insured status requirements through December 31, 2020, and that he had not engaged in substantial gainful activity since the alleged disability onset date of January 4, 2016.   (R. 12 – 13). [8]   At Step Two, the ALJ determined that Chatman had the following severe impairments: degenerative disc disease of the lumbar and cervical spine; sacroiliitis; osteoarthritis of bilateral hips; status post gastrointestinal bleed from ulcer; gastroesophageal reflux disease; anemia; coronary artery disease; hypertension; and anxiety disorder.   (R. 13).   At Step Three, the ALJ found that Chatman did not have an impairment or combination of impairments that met or equaled the severity of a specified impairment in Appendix 1 of the Listing of

---

[8] "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing 42 U.S.C. § 423(a)(1)(A) (2005)).

Impairments, 20 C.F.R. § 404, Subpt. P, App. 1. (R. 13 – 16).

At Step Four,[9] the ALJ determined that Chatman had the residual functional capacity (RFC) "to perform light work as defined in 20 CFR 404.1567(b)[10] except: he can only stand and walk for four hours and sit no more than six hours in an

---

[9] At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).

> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.

> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

[10] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. *See also* 20 C.F.R. § 404.1567.

eight-hour workday; he would need to occasionally change positions throughout the workday for relief of postural discomfort (as 'occasionally' is normally vocationally defined); he can never climb ladders, ropes, or scaffolds, crouch, kneel, or crawl; he could occasionally climb ramps and stairs, balance and stoop; he should avoid work at unprotected heights and around hazardous machinery, avoid concentrated exposure to temperature extremes, and avoid use of vibratory tools; he can understand, remember, apply, and carry out simple, repetitive instructions, and he can consistently persist at that level of complexity for eight hours a day, five days of week; and, he would be able to adapt to routine changes in the work setting." (R. 16 – 22).

Based on the RFC and the testimony of a vocational expert,[11] the ALJ determined that Chatman was unable to perform any past relevant work. (R. 22). At Step Five, after considering additional testimony from the vocational expert, the ALJ found that there exist a significant number of other jobs in the national economy that Chatman could perform given his RFC, age, education, and work experience. (R. 22 – 23). Thus, the ALJ found that Chatman was not under a disability as defined by Social Security Act during the relevant adjudicatory period. (R. 23 – 24).

---

[11] "A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments. When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips*, 357 F.3d at 1240.

# IV.  *Analysis*

Chatman argues that the ALJ reversibly erred by failing to give controlling weight to the medical opinion of his treating physicians, Dr. Herbert Allen and Dr. F. Martin Lester, and by instead giving greater weight to the opinion of a non-examining state agency reviewing physician.  The undersigned finds no reversible error.

" 'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.' "  *Winschel*, 631 F.3d at 1178-79 (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)).  "There are three tiers of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians."  *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2)).  "In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including (1) whether the physician has examined the claimant; (2) the length, nature, and extent of a treating physician's relationship with the claimant; (3) the medical evidence and explanation supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization.  These factors apply to both

examining and non-examining physicians." *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 523 (11th Cir. 2014) (per curiam) (unpublished) (internal citations and quotation marks omitted) (citing 20 C.F.R. §§ 404.1527(c) & (e), 416.927(c) & (e)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citation omitted). While "the ALJ is not required to explicitly address each of those factors[,]" *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011) (per curiam) (unpublished), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179.

"A 'treating source' (i.e., a treating physician) is a claimant's 'own physician, psychologist, or other acceptable medical source who provides[ ], or has provided[ ],[ the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant].' " *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x. 589, 591 (11th Cir. 2006) (per curiam) (unpublished) (quoting 20 C.F.R. § 404.1502). "The opinion of a treating physician…'must be given substantial or considerable weight unless "good cause" is shown to the contrary.' " *Phillips*, 357 F.3d at 1240 (quoting *Lewis*, 125 F.3d at 1440)). "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.' With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the]

reasons' for doing so." *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1240-41) (internal citation omitted). Failure to clearly articulate the reasons for giving less weight to the opinion of a treating physician "constitutes reversible error." *Lewis*, 125 F.3d at 1440. "But if an ALJ articulates specific reasons for declining to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error." *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 861 (11th Cir. 2017) (per curiam) (unpublished) (citing *Moore*, 405 F.3d at 1212). *Accord Huigens v. Soc. Sec. Admin., Comm'r*, 718 F. App'x 841, 844 (11th Cir. 2017) (per curiam) (unpublished).

"The opinions of nonexamining, reviewing physicians, … when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam). As such, "[t]he good cause required before the treating physicians' opinions may be accorded little weight is not provided by the report of a nonexamining physician where it contradicts the report of the treating physician." *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). *See also Coley v. Comm'r of Soc. Sec.*, 771 F. App'x 913, 917 (11th Cir. 2019) (per curiam) ("The opinion of a non-examining physician does not constitute the good cause needed to reject a treating physician's opinion." (citing *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (per curiam) ("The report of Dr. Cobb, the nonexamining physician, could not provide 'good cause,' since we have held that the opinion of a nonexamining physician is entitled to little weight if it is contrary to the opinion of the claimant's

treating physician.")). "Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding." *Sharfarz*, 825 F.2d at 280. "Thus, '[i]f an ALJ has shown good cause to reject the opinion of a treating or examining physician, the ALJ may then properly rely on the opinion of a non-examining medical source if it is consistent with the objective evidence of record.' " *Smith v. Berryhill*, No. CV 1:17-00516-N, 2018 WL 5624267, at *7 (S.D. Ala. Oct. 30, 2018) (Nelson, M.J.) (quoting *Ethridge v. Berryhill*, No. 1:16CV788-WC, 2017 WL 4780619, at *5 (M.D. Ala. Oct. 23, 2017) (Capel, M.J.) (citing cases)).[12] *See also*

---

[12] *Compare Sharfarz*, 825 F.2d at 280-81 ("As we have observed, the only medical opinions that support the finding that appellant can do medium work are those of the nonexamining, nontreating physicians. The opinions of all of the treating and examining physicians support the contrary finding. The ALJ provided no cause for not according those latter opinions substantial or considerable weight. Thus, his finding that appellant could return to his prior work was not supported by substantial evidence. The case must be remanded to enable the Secretary to reevaluate the medical evidence in accordance with the law."), *with Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (per curiam) (unpublished) ("[T]here is substantial evidence supporting the ALJ's conclusion that there was good cause to afford more weight to the opinion of Dr. Goren, a nonexamining board-certified neurologist, than to the opinions of Dr. Vernacchio and Dr. Kantor, who were Forsyth's treating physicians ... [Thus], the ALJ did not err by giving more credence to Goren's conclusions than to those of Vernacchio and Kantor."); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 872-74 (11th Cir. 2011) (per curiam) (unpublished) (holding that ALJ did not err in crediting the opinions of non-examining physicians where their opinions were supported by the record and good cause existed for giving little weight to the treating physician's opinion); *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 743 (11th Cir. 2011) (per curiam) (unpublished) ("[B]ecause the ALJ articulated good cause for discounting the opinions of Flowers's treating and examining doctors and because the consulting doctor's opinion was consistent with the medical record, including the treating and examining doctors's [sic] own clinical findings, the ALJ did not err in giving more weight to the consulting doctor's opinion."); *and Osborn v. Barnhart*, 194 F. App'x 654, 668 (11th Cir. 2006) (per curiam) (unpublished) ("Osborn's medical records reveal only diagnoses, not reasoned and medically-supported opinions detailing Osborn's work limitations or limited functions, and, therefore, substantial evidence

Social Security Ruling (SSR) 96-6p, 1996 WL 374180, at *3 (July 2, 1996) ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources. For example, the opinion of a State agency medical or psychological consultant or other program physician or psychologist may be entitled to greater weight than a treating source s medical opinion if the State agency medical or phychological [sic] consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source.").[13]

The ALJ noted that neither Dr. Allen nor Dr. Lester's opinion provided any specific functional limitations, instead providing only general statements that Chatman was unable to work. (*See* R. 20 – 21). Chatman does not seriously contest that finding, and a "statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [the claimant is] disabled." 20 C.F.R. § 404.1527(d)(1). Indeed, as the ALJ correctly noted, such statements "are not medical opinions, … but are, instead, opinions on

_____

supported the ALJ's decision to give minimal weight to [the treating physician]'s opinion and more weight to the state agency's evaluation.").

[13] On January 18, 2017, the SSA substantially revised the regulations governing how the Commissioner considers medical opinions. However, those revisions apply only to claims filed on or after March 27, 2017, and are therefore inapplicable to Chatman's present application. *See* 20 C.F.R. § 404.1520c.

issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." *Id.* § 404.1527(d). That such a statement might come from a treating source is immaterial, as the Commissioner "will not give any special significance to the source of an opinion on issues reserved to the Commissioner…" *Id.* § 404.1527(d)(3). *See also Coley*, 771 F. App'x at 917 ("Opinions on issues such as whether the claimant is disabled and the claimant's RFC are not medical opinions and are reserved to the Commissioner. 20 C.F.R. § 416.927(d). Opinions on issues reserved to the Commissioner, even when offered by a treating source, are not entitled to any special significance. *Id.* § 416.927(d)(3)."); *Pate v. Comm'r, Soc. Sec. Admin.*, 678 F. App'x 833, 835 (11th Cir. 2017) (per curiam) (unpublished) ("Pate also argues that the ALJ improperly substituted her opinion for that of Dr. Tippets by holding that the issue of whether the claimant is disabled is reserved for the Commissioner. This argument is also meritless because, by law, that determination is reserved to the Commissioner, and no special significance is given to an opinion on issues reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)."); SSR 96-5p, 1996 WL 374183, at *2 (S.S.A. July 2, 1996) ("[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance. Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual

is disabled."). Because Dr. Allen and Dr. Lester did not provide "medical opinions," but instead opined only on issues reserved to the Commissioner, their opinions were not entitled to any special significance, and the ALJ committed no error in assigning them little weight.[14] M

The ALJ instead gave "some weight" to the opinion of non-examining state agency reviewing physician Dr. Samuel Williams provided in Administrative Exhibit 2A. Noting that "Dr. Williams' opinion suggests that [Chatman] is capable of the full range of light work," the ALJ found the opinion's "lifting, carrying, sitting, postural, and environmental limitations [were] generally consistent with the evidence as a whole[,]" but also found that "[e]vidence received at the hearing level

---

[14] Chatman conclusorily suggests that the ALJ should have sought clarification from the treating physicians, or was required to "order a consultative examination" if she chose to reject their opinions. (Doc. 10, PageID.626). However, an ALJ is only required to do so if the evidence is otherwise insufficient to make an informed decision. *See Ingram*, 496 F.3d at 1269 ("The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision."); SSR 96-5p, 1996 WL 374183, at *2 ("[O]ur rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner. For treating sources, the rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear to us...If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record."); *Couch v. Astrue*, 267 F. App'x 853, 855 (11th Cir. 2008) (per curiam) (unpublished) ("Medical sources should be recontacted when the evidence received from that source is inadequate to determine whether the claimant is disabled."). The ALJ's decision indicates that she considered the treating physicians' opinions in conjunction with their objective treating notes and the other evidence of record, and Chatman offers no persuasive argument that the record evidence was not sufficient to allow an informed decision by the ALJ.

supports greater limitations in standing and walking, as well as more than minimal mental limitations." (R. 21). While the general rule is that a non-examiner's opinion is not entitled to much weight if contrary to an examining physician's opinion, that rule does not apply here because, as explained, the treating physicians' opinions did not constitute "medical opinions" under the SSA regulations.

However, the ALJ erroneously attributed all portions of Exhibit 2A to Dr. Williams. While Dr. Williams did sign the "Psychiatric Review Technique" portion of that exhibit (R. 77 – 78), the physical RFC that the ALJ appears to have found mostly "consistent with the evidence as a whole" was prepared by an "SDM," or "single decision maker." (*See* R. 80 – 82). "[T]he 'SDM' designation connotes no medical credentials[;]" thus, an SDM is "not an acceptable medical source." *Siverio v. Comm'r of Soc. Sec.*, 461 F. App'x 869, 871–72 (11th Cir. 2012) (per curiam) (unpublished) (citing 20 C.F.R. § 404.906(a), (b)(2)). "Indeed, the SSA's Program Operations Manual System ('POMS') explicitly distinguishes RFC assessments produced by an SDM from those produced by a medical consultant, and states that' SDM-completed forms are not opinion evidence at the appeals level.' " *Id.* (citing POMS § DI 24510.050). As such, an SDM's decision is not a medical opinion entitled to any weight. *See Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (per curiam) (unpublished) ("[A]s Cooper correctly notes, the ALJ mistakenly referred to the SDM as a doctor and should not have given any weight to her opinion because she was merely an SDM ...").

Nevertheless, "an error is harmless if it does not affect the Commissioner's ultimate decision." *Burgos v. Acting Comm'r of Soc. Sec.*, 705 F. App'x 794, 801 (11th Cir. 2017) (per curiam) (unpublished) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).  In *Siverio*, the Eleventh Circuit held that the ALJ's mistaken reliance on an SDM's decision as a medical opinion was not harmless because the ALJ "gave [the SDM]'s RFC assessment 'significant weight[,]' " and "[t]he remaining record evidence d[id] not provide substantial evidence for the finding that [the claimant] was capable of performing medium work."  461 F. App'x at 872 (alterations added).  On the other hand, in *Cooper*, the Eleventh Circuit held that, "[a]lthough … the ALJ mistakenly referred to the SDM as a doctor and should not have given any weight to her opinion because she was merely an SDM, any error in this regard was harmless because the ALJ stated that he considered *all* of the evidence in the record, which also included opinions by Cooper's treating physician and the non-examining physician, both of whom were medical doctors and there is nothing to indicate that the opinion of the SDM was anything more than cumulative of other evidence, let alone dispositive."  521 F. App'x at 807.

The situation here is more analogous to that in *Cooper*.  Here, the ALJ's decision adequately reflects that she considered Exhibit 2A, including those parts prepared by the SDM, in conjunction with the other evidence of record, as evidenced by the ALJ's finding many of the physical limitations proposed by the SDM to be "generally consistent with the record as a whole[,]" but that the SDM's "limitations in standing and walking" were milder than what other record evidence suggested.

(R. 21). Thus, rather than adopt the SDM's finding that Chatman could perform "a full range of light work," the ALJ gave Exhibit 2A only "some weight," and the RFC limited Chatman to a reduced range of light work. The ALJ's decision reflects a thorough consideration of the objective record medical evidence, Chatman does not challenge the ALJ's consideration of that other evidence, "and there is nothing to indicate that the opinion of the SDM was anything more than cumulative of other evidence, let alone dispositive." *Cooper*, 521 F. App'x at 807.

Chatman's assertion that the ALJ "substituted her own medical opinion" in formulating the RFC is meritless. (*See* Doc. 10, PageID.626). While the Social Security regulations require ALJs to consider all medical opinions in the record when making a disability determination, *see* 20 C.F.R. § 404.1527(b), "nothing in the regulations requires the ALJ to accept at least one medical opinion before rendering a decision—indeed, an ALJ may make a disability determination without any medical opinion in the record." *Fox v. Colvin*, No. CV 15-00190-N, 2016 WL 1588512, at *8 (S.D. Ala. Apr. 20, 2016) (Nelson, M.J.) (quotation omitted) (citing cases). *See also Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."). "The ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo*, 682 F.3d at 1288. *See also* 20 C.F.R. § 404.1527(d)(2) ("Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the

Listing of Impairments in appendix 1 to subpart P of part 404 of this chapter, your residual functional capacity (see §§ 416.945 and 416.946), or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.").[15]

In sum, Chatman has failed to convince the Court of any reversible error in the ALJ's decision. Accordingly, the Court finds that the Commissioner's final decision denying Chatman's application is due to be **AFFIRMED**.

## V. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision denying Chatman's April 4, 2016 application for a period of disability and DIB is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 5th day of February 2020.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] Misleadingly claiming it was "opined" by the "Eleventh Circuit" (Doc. 10, PageID.626), Chatman cites *Coleman v. Barnhart*, 264 F. Supp. 2d 1007 (S.D. Ala. 2003), to claim otherwise. However, *Coleman* is part of a line of non-binding decisions issued by this Court that have since been disavowed by multiple judges of this Court for that particular proposition, including the undersigned. *See Williams v. Berryhill*, Civil Action No. 17-00346-N, 2018 WL 3236052, at *6 n.9 (S.D. Ala. July 2, 2018) (Nelson, M.J.) (citing cases).